Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210715-173891
DATE: October 29, 2021

REMANDED

Entitlement to an increased rating and earlier effective date for chronic kidney disease is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from October 1963 to October 1967.

The rating decision on appeal was issued in May 2021 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

In the July 2021 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Evidence Submission docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the VA Form 10182. 38 C.F.R. § 20.303.

The Veteran currently has two other active AMA appeals at the Board. They will be the subject of a separate decisions, as appropriate.

Entitlement to an increased rating and earlier effective date for chronic kidney disease is remanded.

In May 2021, the Board granted service connection for the Veteran's chronic kidney disease based in part on private medical opinions provided by the Veteran. Two days after the Board's decision, the May 2021 rating decision on appeal implemented the Board's grant of service connection for chronic kidney disease by assigning an initial noncompensable rating, effective August 5, 2019.

The Veteran seeks an increased rating and earlier for his service-connected chronic kidney disease. The Veteran's notice of disagreement cites February 2021 medical evidence from Dr. S. and a May 2020 medical evaluation from Dr. C. in support.

The Veteran has not been afforded a specialized VA examination for his chronic kidney condition. The only VA examinations of record which address the Veteran's kidney condition and its symptoms in any way mention kidney functions as an aside while discussing other disabilities. See, e.g., February 2019 Compensation & Pension (C&P) Examination (discussing heart conditions) and August 2021 C&P Examination (discussing diabetes mellitus). 

To the extent that these examinations addressed the Veteran's kidney disability, they are inadequate. Neither examiner discussed any findings consistent with the criteria outlined in the rating schedule under 38 C.F.R. § 4.115b, Diagnostic Code 7533, which directs the rater to the criteria for renal dysfunction in 38 C.F.R. § 4.115a. Based on the foregoing, the Board finds that a pre-decisional duty to assist error has been committed, in that the Veteran has not been afforded a 

VA examination specifically for his kidney condition prior to assigning an initial rating for this disability following the Board's May 2021 grant of service connection. 

The earlier effective date issue is intertwined with the rating issue for the kidneys as the request examination may contain relevant information regarding the history of the chronic kidney disease, to include its status prior to August 2019.

 

These matters are REMANDED for the following action:

Schedule the Veteran for a kidney examination by an appropriate clinician to determine the current severity of his service-connected chronic kidney disease, to include conducting any needed diagnostic testing. The examiner asked to indicate review of the Veteran's complete claim file, including the private medical opinions provided in May 2020 (Dr. V.A.C.) and March 2021 (Dr. M.B.S.). The examiner is to provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran's disability under the applicable rating criteria 38 C.F.R. § 4.115a/b. In so doing, the examiner is to attempt to elicit information regarding the severity, frequency, and duration of the Veteran's symptomatology plus describing their functional impact, if any. 

 

 

Paul Sorisio

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. Hermsdorfer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.